IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jarvis Alonzo Davis, ) | Civil Action No. 4:12-3116-TLW |
| ) | Cr. No. 4:07-51 |
| Petitioner, ) | |
| vs. ) | ORDER |
| The United States of America, ) | |
| Respondent. ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Jarvis Alonzo Davis, (hereinafter "Petitioner" or "Defendant").

On January 23, 2007, a federal grand jury returned a three count Indictment charging Petitioner with narcotics and firearms offenses. (Doc. # 5). On June 13, 2007, the Government filed an Information pursuant to 21 U.S.C. § 851 notifying Petitioner that based upon his prior convictions for possession with intent to distribute cocaine he was subject to a statutory mandatory minimum of 10 years imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B). (Doc. # 28). On December 3, 2007, Petitioner pled guilty to all three counts of the Indictment, including a § 922(g) count (Count 1), a § 841 count (Count 2) and a § 924(c) count (Count 3), and as a result was facing a mandatory statutory minimum of 15 years imprisonment. (Doc. # 47). On April 29, 2008, following a motion for downward departure by the Government, Petitioner was sentenced to 50 months (on Counts 1 and 2) to run consecutively to 50 months on Count 3, for a total of 100 months imprisonment. (Docs. # 53, #55 and # 56). The Judgment was entered on May 21, 2008. (Doc. # 56). Petitioner

1

did not appeal his conviction or sentence.

On October 26, 2012 (over four years after his conviction became final), Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255. (Doc. # 79). On November 29, 2012, the Government filed a motion to dismiss the petition. (Doc. # 84). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed November 30, 2012 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 85). Petitioner did not file a response. The matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete

miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved to dismiss Petitioner's § 2255 petition in its entirety. (Doc. # 84). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the

complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

## DISCUSSION

In his petition, Petitioner asserts three grounds for relief. The first two grounds seek to rely upon the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), as a basis to challenge both Petitioner's § 922 (g) conviction and the enhancement of his statutory minimum sentence pursuant to § 841 and § 851. In Petitioner's third ground for relief, he challenges the sufficiency of evidence supporting his § 924© conviction. The Government, in turn, moves to dismiss the petition in its entirety on the grounds that it is time-barred.

A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

(1)   the date on which the judgment of conviction becomes final;
(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As previously noted, judgment in Petitioner's case was entered on May 21, 2008 and he did not seek a direct appeal. Petitioner did not file the present motion until on or about October 26, 2012, over four years after his conviction became final. Accordingly, the Court concludes that Petitioner's application is untimely pursuant to 28 U.S.C. § 2255(f)(1).

Petitioner attempts to rely upon the Fourth Circuit case of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), both for its substantive holding and as a basis to justify the lateness of his

4

application.  The Simmons decision, which interpreted and applied the US Supreme Court case of Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), held that when assessing whether prior North Carolina convictions constitute predicate offenses, courts must look only to the statutory minimum and maximum sentence as found by the North Carolina state court for that particular defendant. The Simmons decision expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005).

However, because Carachuri-Rosendo (and not Simmons) is the Supreme Court decision on point with respect to Petitioner's claim, it must serve as the starting point for the timeliness analysis. The Supreme Court issued Carachuri on June 14, 2010, but Petitioner did not file this present action until on or about October 26, 2012.  Therefore, any new one year limitation period that could potentially have been permitted by Carachuri passed well before Petitioner's filing.  In addition, the Fourth Circuit has specifically addressed the retroactivity of Carachuri in its recent decision of United States v. Powell, 2012 WL 3553630 (4th Cir. 2012), in which it expressly held that Carachuri announced a procedural rule and so was not retroactively applicable to cases on collateral review.

After careful review and consideration, this Court is constrained to conclude that Petitioner's motion should be dismissed as untimely under the relevant case law.[1]  Moreover, even were this

---

[1] The Court does not find that either of the other potential triggering dates set forth in Section 2255(f) apply to this case.  Petitioner does not even allege, much less establish, any newly discovered facts which would affect the starting date of the limitation period. Neither does he allege any unconstitutional or illegal action by the Government which prevented him from making his § 2255 Motion.

Nor does this Court's review of the record reveal a basis to support equitable tolling of the applicable one-year limitation period. The Fourth Circuit recognizes that the statute of limitations governing § 2255 petitions is subject to a doctrine of equitable tolling that allows a federal court to forego a strict application of the limitations period in the interests of equity. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000); see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).  However, this doctrine does "not extend to garden variety claims of excusable neglect." Rouse, 339 F.3d at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, a petitioner may invoke relief under the doctrine in two generally distinct situations. Harris, 209 F.3d at 330. The petitioner must show either: (1) that the Government engaged in some form of wrongful conduct that prevented him from filing his motion; or (2) that "extraordinary circumstances" beyond his control made it impossible to file his motion on time. See id. In general, the doctrine is reserved for "rare

Court to conclude that Petitioner's motion was timely, the Court would still be constrained to conclude that Petitioner's motion should be dismissed, based upon the Fourth Circuit's recent holding in Powell, which established the non-retroactivity of Carachuri.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**, (Doc. # 79), as are Petitioner's two motions to appoint counsel. (Docs. # 78 and # 80). The Government's motion to dismiss is **GRANTED** (Doc. # 84) and this action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253. Applying the provisions set forth at 28 U.S.C. § 2253c, this Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein.

**IT IS SO ORDERED**.                                         s/Terry L. Wooten
                                                              TERRY L. WOOTEN
February 28, 2013                                             United States District Judge
Florence, SC

---

instances where . . . it would be unconscionable to enforce the limitation against the party and gross injustice would result." Id.