IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America, | Crim. No. 4:07-cr-00051-TLW-1 |
|---|---|
| v. | **Order** |
| Jarvis Alonzo Davis | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to three counts: Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count 1); Possession With Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Count 2); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Count 3). After taking into account the § 851 Information that the Government previously filed, his statutory sentencing ranges were as follows: up to 10 years, followed by up to 3 years of supervised release (Count 1); 10 years to Life, followed by at least 8 years of supervised release (Count 2); and 5 years to Life consecutive, followed by up to 5 years of supervised release (Count 3). PSR ¶¶ 77, 81.

At sentencing, Defendant was held accountable for 45.9 grams of crack. PSR ¶ 13. His Guidelines range was 120 months on Counts 1 and 2, and 60 months

1

consecutive on Count 3, followed by 8 years of supervised release. PSR ¶¶ 78, 84. After granting the Government's motion for a downward departure, the Court imposed a sentence of 100 months (50 months on Counts 1 and 2, and 50 months consecutive on Count 3), followed by an 8-year term of supervised release (3 years on Count 1, 8 years on Count 2, and 5 years on Count 3). ECF No. 56. He was released from custody to serve his term of supervised release on February 6, 2015.

Less than a year after Defendant's release, the Court ordered the issuance of an arrest warrant based on alleged supervised release violations. ECF No. 99. He subsequently pled guilty to new federal charges in the Eastern District of North Carolina for Distribution of Crack Cocaine and Felon in Possession of a Firearm, for which he was sentenced to 168 months incarceration, followed by 3 years of supervised release. After his guilty plea and sentencing on the new federal charges, this Court revoked his supervised release term and sentenced him to 30 months incarceration (24 months on Count 1 and 30 months on Counts 2 and 3), to run consecutive to the new 168-month sentence, with no supervised release to follow. ECF No. 124.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As

noted above, Count 2 charged him with violating 21 U.S.C. § 841(b)(1)(B)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(B)(iii) by increasing the threshold amount of crack from 5 grams to 28 grams. The Fourth Circuit has recently considered the question of when a defendant is eligible for relief under the First Step Act, ultimately holding that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act—is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act." *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019) (citations omitted). Because Defendant is serving a sentence for a pre-August 3, 2010 violation of § 841(b)(1)(B)(iii), he is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B).[1]

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." The Government argues that the Court should exercise its discretion to not reduce his sentence for numerous reasons, including that the Government would have charged him with the current threshold amount if the Fair Sentencing Act had been in place when he committed the offense of conviction. *See* ECF No. 138

---

[1] The fact that he is serving a revocation sentence does not impact the eligibility analysis. *See United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019) (concluding that a defendant serving a revocation sentence remains eligible for a sentence reduction under the First Step Act).

at 5–6. Notably, *Wirsing* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Wirsing*, 943 F.3d at 186.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, and the § 3553(a) factors. In light of these considerations, the Court concludes that a sentence reduction is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) he was held accountable at sentencing for a crack weight (45.9 grams) that would have supported a charge to the current threshold amount (28 grams); (2) he was convicted on a § 924(c) count; (3) he has a significant criminal history, including numerous prior drug convictions, both possession and distribution; and (4) his supervised release was revoked based on new federal drug and gun convictions.[2] For these reasons, the Court declines to reduce his sentence, and his motion, ECF No. 136, is therefore **DENIED**.

---

[2] In *Venable*, the Fourth Circuit did not "offer any opinion on what, if any, effect the fact that [the defendant] is serving a sentence for revocation of supervised release should have on the district court's assessment of his motion." 943 F.3d at 194. However, the Court concludes that it is proper to consider this factor. *See, e.g.*, *Wasman v. United States*, 468 U.S. 559, 572 (1984) ("[A] sentencing authority may justify an increased sentence by affirmatively identifying relevant conduct or events that occurred subsequent to the original sentencing proceedings."). But even if this factor could not be considered, the Court would still deny the First Step Act motion based on the other factors noted above.

4

IT IS SO ORDERED.

                                              *s/ Terry L. Wooten*
                                              Terry L. Wooten
                                              Senior United States District Judge

January 31, 2020
Columbia, South Carolina